IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | Civil Action No. SA-14-CV-108-XR |
| CHELSEA SCHOTT, CHARLEAH § | |
| VILLARREAL, FELIPE VILLARREAL, § | |
| AND DOUBLE V&S L.L.C. § | |
| § | |
| Defendants. § | |

## ORDER

On this date, the Court considered Defendants' motion to dismiss. Docket No. 10. For the following reasons, the motion is DENIED.

## Background

According to its complaint, Plaintiff Joe Hand Promotions, Inc. was granted the right to distribute the *UFC 126: Silva v. Belfort* broadcast, scheduled for February 5, 2011 (the "Broadcast").[1] Plaintiff asserts that on the night of the Broadcast, the Red Room Bar in Hondo, Texas intercepted and exhibited the Broadcast without Plaintiff's permission.

On February 2, 2014, Plaintiff filed suit in this Court against Defendants Chelsea Schott, Charleah Villarreal, Felipe Villarreal, and Double V&S, L.L.C. d/b/a the Red Room Bar ("Double V&S").[2] Plaintiff alleges that Defendants owned and operated the Red Room Bar on February 5, 2011. Plaintiff asserts that Defendants' unauthorized interception and exhibition of

---

[1] *See* Docket No. 1.

[2] *Id.*

the Broadcast violated either section 553 or 605 of the Federal Communications Act, depending on the method of interception.[3]

On April 7, 2014, Ms. Schott, Ms. Villarreal, and Mr. Villarreal answered the complaint.[4] Each individual answered *pro se*.  The individual defendants also purported to answer on behalf of Double V&S.[5]  In their answer, which is one paragraph, Defendants deny liability and assert that they are "making a motion to dismiss" on the grounds that they have paid Plaintiff for the Broadcast.[6]  Attached to the answer is a copy of a demand letter sent by Plaintiff to Defendants on March 1, 2011.[7]  In the demand letter, Plaintiff asserts that Defendants violated federal law by exhibiting the Broadcast.[8]  Also attached to the answer is a copy of a cancelled check.[9]  The cancelled check is dated September 9, 2011, and it asserts under "memo" that it is for payment of the Broadcast.[10]  The check is for $2,000, is signed by Mr. Villarreal to the order of Plaintiff and Plaintiff's counsel, and the reverse shows that the check was deposited in the IOLTA account of Plaintiff's counsel.[11]

---

[3] *See* 47 U.S.C. § 553 (cable interception); *id.* § 605 (satellite interception).

[4] Docket No. 10.

[5] *Id.* at 2.

[6] Defendants assert that they paid Plaintiff's counsel, Jekielek & Janis LLP. *Id.* at 2.  Plaintiff is represented by different counsel in this case.

[7] *Id.* at 5

[8] *Id.*

[9] *Id.* at 4.

[10] *Id.*

[11] *Id.*

On April 21, 2014, Plaintiff responded to Defendants' motion to dismiss.[12] Plaintiff argues that its complaint states a valid claim for relief and that Defendants' motion to dismiss must, therefore, be denied. Plaintiff also asserts that the evidence will ultimately show that Defendants breached a settlement agreement related to this matter and that Plaintiff is now entitled to pursue its legal remedies.

## Discussion

At this stage of the proceedings, Plaintiff has filed a complaint, and Defendants Ms. Schott, Ms. Villarreal, and Mr. Villarreal have answered.[13] <u>Defendant Double V&S has not answered.</u> A fictional legal entity, such as Double V&S, cannot answer through a layperson, and must answer through a licensed attorney.[14] Double V&S has not done so, and consequently, it has not answered. <u>If Double V&S does not answer, this Court may enter default judgment against Double V&S.</u>[15]

In addition to answering, Ms. Schott, Ms. Villarreal, and Mr. Villarreal have moved to dismiss.[16] A motion to dismiss challenges whether a complaint contains sufficient factual allegations to state a legal claim for relief.[17] For the purpose of deciding this issue, a court

---

[12] Docket No. 12.

[13] *See* Docket Nos. 1 & 10.

[14] *See Rowland v. Cal. Men's Colony,* 506 U.S. 194, 201–02 (1993); *Memon v. Allied Domecq QSR,* 385 F.3d 871, 873 (5th Cir. 2004); *Sw. Express Co. v. Interstate Commerce Comm'n,* 670 F.2d 53, 55 (5th Cir. 1982) (per curiam); *IntelliGender, LLC v. Soriano*, 2:10-CV-125-JRG, 2012 WL 1118820 (E.D. Tex. Apr. 3, 2012).

[15] *See* Fed. R. Civ. P. 55.

[16] *See* Docket No. 10.

[17] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see* FED. R. CIV. P. 8(a) (stating that a claim for relief must contain (1) "a short and plain statement of the grounds for the court's jurisdiction;" (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief;" and (3) "a demand for the relief sought").

accepts a plaintiff's allegations in the complaint as true.[18] A court may ignore evidence attached to the motion to dismiss.[19]

Here, Plaintiff's complaint asserts specific factual allegations regarding Defendants' unauthorized interception and exhibition of the Broadcast on February 5, 2011. If these allegations are true, Defendants have likely violated either section 553 or 605 of the Federal Communications Act.[20] At this point, the Court does not consider Defendants' evidence challenging Plaintiff's assertions.[21] Since Plaintiff's allegations are sufficient to state a legal claim, Ms. Schott's, Ms. Villarreal's, and Mr. Villarreal's motion to dismiss must be DENIED.[22]

### Conclusion

For the foregoing reasons, Defendants' motion to dismiss is DENIED. Docket No. 10.

It is so ORDERED.

SIGNED this 12th day of May, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[18] *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993) (stating that in considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed favorably to the plaintiff).

[19] *See Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 194 n.3 (5th Cir. 1988) (explaining that a district court can ignore evidence submitted with a motion to dismiss and evaluate the allegations in the complaint according to the standards developed for motions to dismiss); *Ace Am. Ins. Co. v. Huntsman Corp.*, 255 F.R.D. 179, 187 (S.D. Tex. 2008) (explaining how a court can treat or ignore evidence attached to a motion to dismiss).

[20] *See* 47 U.S.C. §§ 553, 605; *see e.g.*, *J & J Sports Prods., Inc. v. Alaniz*, 5:13-CV-01024-XR, 2014 WL 906801 (W.D. Tex. Mar. 6, 2014).

[21] *See Isquith*, 847 F.2d at 194 n.3.

[22] *See Iqbal*, 556 U.S. at 678.